**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| KHOA DANG NGUYEN,<br><br>Plaintiff,<br><br>v.<br><br>SOUND SOLUTIONS GROUP, INC., et al.,<br><br>Defendants. | Case No. 18-cv-02225-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE; DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br>[Re: ECF 2, 6] |

On April 13, 2018, pro se Plaintiff Khoa Dang Nguyen ("Mr. Nguyen") filed a letter complaint and an application to proceed in forma pauperis ("IFP"). ECF 1, 2. On May 2, 2018, Magistrate Judge Nathanael M. Cousins, to whom the case initially was assigned, issued a screening order under 28 U.S.C. § 1915, and requested that Mr. Nguyen file a declaration in support of his motion to proceed IFP. *See* ECF 5. Judge Cousins found that the complaint fails to state a claim and fails to satisfy the procedural rules of pleading. *Id.* Specifically, Judge Cousins found that Mr. Nguyen failed to plead federal subject matter jurisdiction and failed to plead fraud with particularity. *Id.* at 3-4. Mr. Nguyen was granted leave to amend by June 1, 2018. *Id.* Judge

Cousins also noted that Mr. Nguyen's IFP application was incomplete and requested that Mr. Nguyen file a declaration under penalty of perjury by June 1, 2018 clarifying his monthly income and where it goes each month (e.g., in a bank, or spent on something other than on necessary expenses). *Id.* at 2. Judge Cousins advised Mr. Nguyen that the Court will recommend dismissing his complaint if he does not amend his complaint by June 1, 2018. *Id.* at 5.

Mr. Nguyen did not file any documents in response to the Court's order. Accordingly, on July 10, 2018, Judge Cousins directed that the case be reassigned to a district judge, and issued a Report and Recommendation ("R&R") that the case be dismissed without prejudice for the reasons stated in his May 2, 2018 Order. R&R, ECF 6.

Mr. Nguyen has not filed an objection to the R&R and the time to object has expired. *See* Fed. R.Civ. P. 6(d), 72(b)(2). The Court finds Judge Cousins' R&R and Order to be well-reasoned and correct in every respect, and ADOPTS the R&R in its entirety. In particular, the Court agrees with Judge Cousins' conclusion that the complaint fails to establish that this Court has subject matter jurisdiction. The two main sources of subject matter jurisdiction are federal question jurisdiction (also known as "arising under" jurisdiction) and diversity jurisdiction. First, with respect to federal question jurisdiction, federal courts have original jurisdiction over civil claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discovery Bank*, 129 S. Ct. 1262, 1272 (2009).

Here, the complaint fails to establish federal question jurisdiction. Mr. Nguyen's claim sounds in fraud, which does not give rise to federal court jurisdiction under 28 U.S.C. § 1331.

Turning to the whether there is diversity jurisdiction, the complaint must allege that the matter in controversy is between citizens of different states and the amount in controversy must exceed $75,000 to invoke diversity jurisdiction in an action involving U.S. citizens. 28 U.S.C. §1332(a)(1). Diversity jurisdiction requires "complete diversity," that "plaintiffs and each defendant be citizens of different states." *Allen v. Boeing Co.*, 821 F.3d 1111, 1115 (9th Cir. 2016). Here, the complaint does not allege the citizenship of any party, although the defendants appear to be in Utah. The amount in controversy requirement also appears to be satisfied as Mr.

2

Nguyen asks that the Court grant him $137,011.00. However, without allegations of citizenship, the Court cannot determine whether complete diversity of citizenship exists.

Mr. Nguyen's complaint also insufficiently alleges a claim for fraud. The elements of a fraud claim are "'(a) misrepresentation (false representation, concealment, or nondisclosure ); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage.'" *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009) (quoting *Engalla v. Permanente Med. Group, Inc.*, 15 Cal. 4th 951, 974 (1997)). In federal court, fraud claims are further subject to Federal Rule of Civil Procedure 9(b) which requires that allegations of fraud be stated with particularity. Specifically, the Ninth Circuit has held that averments of fraud "be accompanied by 'the who, what, when, where, and how' of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)). When an "entire claim within a complaint[ ] is grounded in fraud and its allegations fail to satisfy the heightened pleading requirements of Rule 9(b), a district court may dismiss the ... claim." Id. at 1107.

The Court agrees with Judge Cousins that at most, Mr. Nguyen has alleged that defendants stole his money by making misrepresentations and then absconding with his money. But Mr. Nguyen does not address the other elements of fraud and therefore he has not stated a fraud claim or complied with Rule 9(b).

Judge Cousins identified the above deficiencies in his screening order dismissing the complaint, and he granted Mr. Nguyen an opportunity to amend the complaint by June 1, 2018. *See* ECF 5. Mr. Nguyen also had an opportunity to address the deficiencies by filing objections to Judge Cousins' R&R. However, Mr. Nguyen has not filed an amended complaint, filed the requisite declaration supporting his IFP status, and has not objected to the R&R within the allowable time. Because Mr. Nguyen has failed to timely file an amended complaint, the Court finds that it is appropriate to dismiss the case. However, the Court also agrees with Judge Cousins that dismissal be without prejudice because even though the allegations are insufficient, Mr. Nguyen may be able to amend it in a future federal or state court proceeding based on the same facts. ECF 6 at 2.

Accordingly, this action is DISMISSED WITHOUT PREJUDICE. *See* Fed. R. Civ. P. 41(b); *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065 (9th Cir. 2004) ("The failure of the plaintiff eventually to respond to the court's ultimatum . . . is properly met with the sanction of a Rule 41(b) dismissal."). In addition, Mr. Nguyen's application to proceed IFP is DENIED WITHOUT PREJUDICE.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 30, 2018

_____
BETH LABSON FREEMAN
United States District Judge